## UNITED STATES v. EUREKA INV. CO. et al.

### No. 696.

District Court, D. Arizona.

Aug. 17, 1945.

638

F. E. Flynn, U. S. Atty. for Dist. of Ariz., and E. R. Thurman, Asst. U. S. Atty., both of Phœnix, Ariz., for the United States.

Gene Cunningham, of Phœnix, Ariz., for defendant Eureka Inv. Co.

Cavett Robert, of Phœnix, Ariz., for defendants Wayne T. and Buelah Saxman Hunzicher.

LING, District Judge.

The above-entitled cause having come on for hearing before the Court on the question of a temporary injunction on the 21st day of July, 1945, and the trial having been regularly continued to the 23rd day of July, 1945, the defendants F. Lewis Ingraham and Mary Doe Ingraham, his wife, having failed to answer but appearing as witnesses in said matter, the Court having heard all the testimony and having examined the proofs offered by the parties, the cause having been submitted following argument, the Court ordered that the plaintiff's petition for a temporary injunction be granted; and counsel for the parties herein having filed a written stipulation submitting the matter of the permanent injunction to the Court on the evidence and testimony given at the hearing above mentioned, the Court, being fully advised in the premises, makes the following findings of fact and conclusions of law:

Findings of Fact.

1. That War Production Board Conservation Order L—41, effective April 9, 1942 (7 F.R. 2730), and as amended from time to time thereafter, prohibits all building construction without the prior approval of the War Production Board, with certain minor exceptions not herein applicable.

2. That War Production Board Preference Rating Order P—55, issued by the War Production Board September 22, 1941 (6 F.R. 4842), amended February 12, 1943 (8 F.R. 1951), pertaining to the release and use of critical and scarce materials and the granting of priorities assistance in the construction of private war housing in critical defense housing areas, contained the following clause: "(f) Liability of owner. The owner and any other person who now holds or hereafter acquires any beneficial interest in the housing project or any part thereof, is hereby ordered to comply with all the representations, certifications and promises made by said owner in the Application, except where and to the extent such other person is relieved of such responsibility by regulation of the National Housing Agency."

That War Production Board Preference Rating Order P—55—a, issued February 20, 1943 (8 F.R. 2260), War Production Board Preference Rating Order P—55—b, issued March 27, 1943 (8 F.R. 3828), and War Production Board Preference Rating Order P—55—c, issued February 12, 1944 (9 F.R. 1696), which establish conditions relating to the rental, selling price and disposition of war housing units, contain the following specific clause: "(c) Conditions applicable to owners of war housing. No person to whom a Preference Rating Order

P—55 has been assigned shall transfer or dispose of any dwelling unit to which such order relates, or accept payment of rental or sales price for any such unit except in the manner and for the amount set forth in the application form or 'in the manner and for the amount approved pursuant to paragraph (a) hereof; nor shall any person so transfer or dispose of any such unit to any person other than the persons specified in paragraph (b) hereof, except as authorized by regulations or orders of the National Housing Agency."

3. That National Housing Agency General Order 60—1B (9 F.R. 2458); National Housing Agency General Order 60—2, issued February 5, 1943 (8 F.R. 1829), as amended; and National Housing Agency General Order 60—3, effective February 5, 1943 (8 F.R. 1830) as amended, contain provisions which limit the occupancy of private war housing to essential war workers and specified governmental employees who have first been properly certified by the National Housing Agency; and that General Order 60—2, as amended contains the following provision concerning the disposal of private war housing:

"Section 5, Disposition of Private War Housing.

".01 Private war housing begun on or after February 10, 1943, shall be held for rental only to eligible war workers for the duration of the national emergency declared by the President on September 8, 1939, and, except for involuntary transfers, shall be disposed of only as follows:

"a. An occupant, after 60 days' occupancy, may purchase the private war housing unit occupied by him subject to NHA General Order No. 60—2

"b. A person who will not himself occupy such housing may purchase or otherwise acquire such housing at any time, in accordance with NHA General Order No. 60—3, provided the occupancy and disposition limitations applicable to such housing prior to such purchase or acquisition shall continue to be applicable to such housing after such purchase or acquisition, or

c. At any time subsequent to 60 days after completion of any such housing may petition the National Housing Agency, in accordance with NHA General Order No. 60—3, to permit such housing to be disposed of otherwise than as provided above in this sub-section 5.01."

4. That the premises located at 2718 North Dayton Street, Phœnix, Maricopa County, Arizona, along with thirty-seven other houses, were constructed by the Eureka Investment Company as private war housing pursuant and subject to the above-mentioned War Production Board and National Housing Agency regulations on an application (W.P.B. Form PD—105) made March 13, 1943, and finally approved April 23, 1943; that said application contained the restrictions on sale and occupancy set forth in the above-mentioned regulations.

5. That the defendants F. Lewis Ingraham and Mary Doe Ingraham, his wife, after obtaining a certificate of eligibility from the National Housing Agency, rented the dwelling located at 2718 North Dayton Street, Phœnix, Maricopa County, Arizona, on or about 21st day of June, 1944, from the Eureka Investment Company; and that ever since said date the said premises have been and still are occupied by the defendants Ingraham; that the defendant F. Lewis Ingraham is employed by the Federal Government as a special agent in the Federal Bureau of Investigation, and as such is included in the group of essential war workers and governmental employees entitled to rent or buy private war housing units built pursuant to War Production Board and National Housing Agency regulations.

6. That during the month of January, 1945, the defendants Wayne T. Hunzicher and Buelah Saxman Hunzicher entered into a written agreement with Eureka Investment Company, through Fred H. Gagon, a real estate broker, for the purchase of the dwelling located at 2718 North Dayton Street, Phœnix, Maricopa County, Arizona; that on or about the 5th day of March, 1945, and subsequent to the issuance of a deed to the Hunzichers, said defendants applied to the Director of the Phœnix Defense Rental Area for a certificate relating to eviction, permitting them to institute eviction proceedingss against the defendants Ingraham; that, in accordance

with Office of Price Administration regulations, such certificate was issued; that thereafter, and on or about the 18th day of June, 1945, the defendants Hunzicher commenced a forcible detainer action against the defendants Ingraham in the Superior Court for the State of Arizona, in and for the County of Maricopa, being cause No. 54726, in which action they demanded immediate possession of the dwelling in question; that said case was set down for hearing on the 12th day of July, 1945, but was later continued because of the issuance of the temporary restraining order by the Court herein.

7. That at the time said purchase agreement was signed by them, the defendants Hunzicher had actual notice of the occupancy and sale restrictions placed by the War Production Board and National Housing Agency on all private war housing units constructed pursuant to the authority of said agencies, and on the premises known as 2718 North Dayton Street, Phœnix, Maricopa County, Arizona, in particular; that said defendants made no attempt to have the occupancy provision modified in accordance with National Housing Agency General Order 60—3, as amended.

8. That there is a large number of private war housing units located within the District of Arizona, which were constructed pursuant to the above-mentioned War Production Board and National Housing Agency regulations; that the housing situation remains extremely critical for the great number of employees working in various war industries and at various governmental projects located in the District and State of Arizona, and that any unnecessary evictions of such employees from their present homes would unnecessarily impede and disrupt the war effort and result in the misuse and diversion of scarce war materials from the purpose for which their use was authorized.

9. That by their actions the defendants, particularly the defendants Hunzicher, are interfering with and attempting to interfere with the legal use and occupancy of private war housing by the defendants Ingraham, contrary to the laws and regulations of the United States of America;

that unless permanently enjoined for the duration of the period of national emergency, the defendants, and others in similar circumstances, will continue such action to the detriment of the war effort, and the immediate and irreparable injury, loss and damage to the government and the people of the United States.

### Conclusions of Law.

1. That this Court has jurisdiction of the persons and subject matter of this action.

2. That the regulations of the War Production Board and the National Housing Agency prohibit the occupancy of private war housing units, constructed pursuant to the regulations of such board and agency, by any individual other than an essential war worker or government employee who has been previously certified as eligible by the National Housing Agency, until the end of the present national emergency; that said regulations permit the sale of such houses only to those eligible occupants who have lived in them sixty days or more, or to non-occupants for the purposes of investment only.

3. That the defendants F. Lewis Ingraham and Mary Doe Ingraham, his wife, are entitled to occupy and remain in the dwelling located at 2718 North Dayton Street, Phœnix, Maricopa County, Arizona, in accordance with the War Production Board and National Housing Agency regulations, until termination of the present national emergency, or until such time as the said regulations are modified and relaxed.

4. That the action of the defendants, particularly that of the Hunzichers, in attempting to evict the defendants Ingraham, is in violation of the laws of the United States and regulations of the War Production Board and National Housing Agency, and constitutes a threat to the war effort, and will cause irreparable injury and damage to the people and government of the United States.

5. That the petitioner is entitled to a decree restraining and enjoining the defendant Eureka Investment Company, its agents, servants and attorneys, and the

defendants Wayne T. Hunzicher and Buelah Saxman Hunzicher, husband and wife, their agents, servants and attorneys, from dispossessing and attempting to dispossess the defendants Ingraham, and from renting, selling, or otherwise disposing of the dwelling located at 2718 North Dayton Street, Phœnix, Maricopa County, Arizona, contrary to the provisions of War Production Board Preference Order P—55—a, as amended, and of National Housing regulations 60—2 and 60—3, as amended, during the existence of the present national emergency, unless said occupancy provisions are sooner amended and modified.